***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 26, reversed and remanded June 29, 2022

In the Matter of N. D.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. D.,
*Appellant.*

Baker County Circuit Court
20JU05448; A177584

Matthew B. Shirtcliff, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Joyce, Judge, and Hadlock, Judge pro tempore.

JAMES, P. J.

Reversed and remanded.

**JAMES, P. J.**

In this juvenile dependency case, father appeals from the judgment in which the juvenile court asserted jurisdiction over father's child. On November 24, 2020, following a hearing at which mother did not appear and father had technical issues, the court entered a judgment finding that the Department of Human Services (DHS) had proved the allegations as to father only, and continued the allegations as to father.

On January 12, 2021, the court entered a judgment taking jurisdiction over the child as to both parents. Father appealed both judgments. *Dept. of Human Services v. R. D.*, 316 Or App 254, 256, 502 P3d 1183 (2021). We reversed the judgment, holding that "[t]he evidence does not establish that father or his brother pose a current risk of harm to G and N. Father made appropriate arrangements for his teenaged children when that became necessary. The record is legally insufficient to support jurisdiction." *Id*. at 260.

On August 17, 2021, DHS filed an amended second petition which included additional allegations as to father. On November 17, 2021, the court entered a jurisdiction judgment on the amended second petition. In doing so, the court took judicial notice of the November 24, 2020, judgment. However, the November 17, 2021, judgment contained jurisdictional rulings only as to mother.

DHS concedes that this record is insufficient to support a judgment bringing child within the juvenile court's jurisdiction. We agree and accept the concession.

Reversed and remanded.